A. W. SHAFFER v. A. HAHN et al.

This case involves the principle decided in *Long* v. *Walker, ante,* in overruling *Morrison* v. *Watson,* 101 N. C., 332.

This was a CIVIL ACTION to recover land, tried at February Term, 1889, of the Superior Court of BEAUFORT COUNTY, before *Boykin, J.*

His Honor being of opinion, upon the evidence introduced by plaintiff, that he was not entitled to recover, the plaintiff submitted to judgment of nonsuit and appealed.

*Messrs J. H. Small* and *W. B. Rodman, Jr.,* for plaintiff.
*Mr. Charles F. Warren,* for defendants.

AVERY, J.: It was conceded on the argument that the only point in this case was that fully discussed in the opinion in *Long* v. *Walker, ante,* whether a sale of land, by virtue of execution, to satisfy a judgment on a debt created prior to April 24th, 1868, without allotting a homestead, and where the debtor owned no land except that sold, was void or valid.

This case presents no new phase of the question; but the land in controversy having been sold to satisfy a large number of judgments, and being, according to the testimony, worth ten thousand dollars, we assume that if it did not sell for a large sum at the Sheriff's sale, subsequent purchasers,

including the plaintiff, have paid a price approximating its full value. The facts in the case at bar, therefore, illustrate the position stated in *Long* v. *Walker*, that while the amount involved there was insignificant, the principle was one that had influenced numerous and heavy expenditures of money for several years previous to the year 1888.

For the reasons stated in the opinion referred to, the judgment of nonsuit must be set aside and a new trial granted.

Error.

MERRIMON, C. J.: This case comes clearly within the rule adopted by the Court in *Long* v. *Walker*, decided at the present term. I dissented in that case and do not deem it necessary or proper to dissent further here, although I see not the slightest reason to modify my views of dissent. The majority of the Court have the authority to apply that rule as from time to time cases come before the Court for adjudication, and it is my duty to recognize and submit to that authority, although my individual views may not harmonize with those of the Court.

I will add here that at the time the sale and the Sheriff's deed executed in pursuance of it, in question in this case, were made, the Constitution, the statutes and the decisions of this Court in respects pertinent and prevailing, expressly required that the homestead of the debtor in this case, as in all others like it, should be valued and laid off to him before the sale of the land. The case of *Edwards* v. *Kearsy*, U. S. R., was not decided until the lapse of years afterwards. The Sheriff, the purchaser, subsequent succeeding purchasers, and all other persons had full knowledge of the law, and if they failed to observe it, this was their own *laches* and folly.

It was the duty of purchaser, and subsequent succeeding purchasers, to see that the law has been observed in all respects pertinent as to sales, judicial and otherwise, affecting the title to the land.

I am very sure that the number of persons who might be prejudiced by holding sales void in cases where homestead was not valued and laid off to the debtor before the sale, as required by the statute, is greatly exaggerated, but if it were infinitely greater than it really is, this could be no sufficient reason for what I conceive to be, and what the Court in the past deemed, ignoring and disregarding a plain provision of the Constitution and statutes enacted to give it practical effect.